# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

Wilton Eugene Sandifer, Sr.,

      Petitioner,

  v.

Superintendent,

      Respondent.

Case No. 3:16-CV-286 JVB

## OPINION AND ORDER

Wilton Eugene Sandifer, Sr., a pro se prisoner, filed a habeas corpus petition challenging the authority of the State of Indiana to imprison him because he was not properly extradited from the State of Florida. Sandifer was convicted in abstentia and sentenced on January 13, 2006, by the Lake Superior Court under cause number 45G01-0402-FA-10. He was arrested in Florida and extradited to Indiana on May 9, 2015. Sandifer argues that his extradition violated the Uniform Criminal Extradition Act (UCEA). Specifically he argues that authorities in Florida did not adhere to its procedural requirements and time limits. Sandifer has not presented this claim to the State courts, but "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

The UCEA is a State law. *See Michigan v. Doran*, 439 U.S. 282, 288-89 (1978). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quotation marks, citations, and brackets omitted). Therefore federal habeas corpus relief cannot be granted even if Sandifer was extradited in violation of the UCEA.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Both the United States Constitution[1] and federal law,[2] provide for extradition between States. However,

> Neither the Constitution nor the act of Congress providing for the rendition of fugitives upon proper requisition being made confers, either expressly or by implication, any right or privilege upon such fugitives under and by virtue of which they can assert, in the state to which they are returned, exemption from trial for any criminal act done therein. No purpose or intention is manifested to afford them any immunity or protection from trial and punishment for any offenses committed in the state from which they flee. On the contrary, the provision of both the Constitution and the statutes extends to *all* crimes and offenses punishable by the laws of the state where the act is done.

*Innes v. Tobin*, 240 U.S. 127, 133 (1916) *quoting Lascelles v. Georgia*, 148 U. S. 537, 542 (1893). Therefore habeas corpus relief is not available in this case.

If Sandifer wants to appeal this decision, he does not need a certificate of appealability because he is not challenging his conviction. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

---

[1] Article 4, Section 2 of the Constitution provides that "A person charged in any state with treason, felony, or other crime, who shall flee from justice and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

[2] 18 U.S.C.A. § 3182 provides that:
Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Wilton Eugene Sandifer, Sr., is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED on April 24, 2017.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE